# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH BAUMRUK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV804 AGF |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for appointment of counsel pursuant to McFarland v. Scott, 512 U.S. 849 (1994). Having reviewed the motion, the Court will direct petitioner to show cause why it should not be denied, without prejudice, until such time as he exhausts his available state remedies.

Petitioner has been sentenced to death. On April 17, 2012, the Missouri Supreme Court affirmed the sentence. Baumruk v. State, — S.W.3d —, 2012 WL 1339359 (Mo. banc 2012). As of the date of this Order, the court's opinion has not been released for publication in the permanent law reports, and therefore, it is subject to revision or withdrawal. On April 27, 2012, petitioner filed a motion for rehearing, which has not yet been ruled.

Because the state court proceedings are still pending, petitioner has not exhausted his available state remedies. Generally, a petitioner must first exhaust his

available state remedies before commencing a habeas action in federal court. 28 U.S.C. § 2254(b).

In McFarland, the Court held that under 21 U.S.C. § 848(q), now 18 U.S.C. § 3599, a postconviction proceeding "is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." 512 U.S. at 856-57. However, the McFarland Court did not state that a postconviction proceeding could be filed prior to the exhaustion of state remedies. And the Court has not found any cases finding such an exception to the exhaustion requirement.

After petitioner has exhausted his available state remedies, the Court can appoint counsel under § 3599. But not before. Moreover, granting the motion at this time could result in the unnecessary expenditure of government funds. The Missouri Supreme Court may grant the motion for rehearing and reverse itself. Or petitioner could direct state counsel to file a petition for writ of certiorari to the Supreme Court of the United States once the proceedings before the Missouri Supreme Court are terminated.

Because of the nature of the proceedings, the Court will direct petitioner to show cause why his motion for appointment of counsel should not be denied, without prejudice, until such time as he exhausts his available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than thirty (30) days from the date of this Order why his motion for appointment of counsel should not be denied, without prejudice, until such time as he exhausts his available state remedies.

Dated this 7th day of May, 2012.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE