**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH BAUMRUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV804 AGF |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on appointed counsel's motion to reconsider the approved budget for attorney's fees and expenses. Counsel argue that the Court has failed to consider the duty of counsel to investigate potential claims under <u>Martinez v. Ryan</u>, in which the Supreme Court of the United States held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. 1309, 1315 (2012). Counsel further suggest that the massive record of the state court proceedings will require an extraordinary amount of effort to wade through in order to adequately present petitioner's claims for relief.

The Court has authorized up to 550 attorney hours in this action. The Court continues to believe that this is sufficient time to investigate petitioner's claims and present them to the Court effectively. At any rate, the Court believes it is premature at this time for counsel to seek a budget modification. Counsel can move for a budget modification at a later stage in

this case. The Court, however, will not increase the budget without good cause. Moreover, counsel should seek to be as efficient as possible in preparing this case. Other counsel who practice capital litigation in this Court delegate menial or repetitive tasks to law students or paralegals, who are paid out of the CJA fund at a reasonable rate. Not every task in a capital case requires the eyes of counsel. Any future request for a budget modification must contain a statement regarding counsel's attempts to increase their efficiency in preparing this action.

Finally, the Court reminds counsel that "CJA service is first a professional responsibility, and no lawyer is entitled to full compensation for services for the public good." In re Carlyle, 644 F.3d 694, 699 (8th Cir. 2011) (C.J. Riley). Some amount of pro bono work is demanded of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that counsel's motion to reconsider the approved budget for attorney's fees and expenses is **DENIED** without prejudice. [ECF No. 31]

Dated this 9th day of August, 2013.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE